# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3314 | **DATE** | 5/24/2011 |
| **CASE TITLE** | U.S. ex rel. Leopoldo Sotelo (#2011-0517111) vs. Vincent M. Gaughan, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner is ordered to show good cause in writing why his petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Leopoldo Sotelo, an inmate in the custody of the Cook County Department of Corrections, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his fourteen-day sentence for contempt of court. The petitioner has paid the filing fee.

This suit was filed on the petitioner's behalf by a Marcel Walton-El, "Grand Sheik" of the Moorish Science Temple of America, who has entered an appearance for the petitioner. However, the court does not find Mr. Walton-El in the lawyer listings on the Illinois Registration and Disciplinary Commission's website. Mr. Walton-El is advised that a non-lawyer cannot represent another individual. *See, e.g., Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another"); *Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam); 28 U.S.C. § 1654. If Mr. Walton-El is not a licensed attorney, he may not sign documents for Leopoldo Sotelo. *See* Fed. R. Civ. P. 11(a).

In addition, the petitioner is ordered to show good cause in writing why the petition should not be summarily dismissed for failure to exhaust state court remedies prior to filing suit. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner filed his federal habeas petition on the same day he was sentenced in state court to fourteen days' incarceration. If the petitioner has failed to exhaust available state court remedies, then his federal habeas petition is not ripe for review. *See, e.g., United States ex rel. Bailey* **(CONTINUED)**

mjm

| **STATEMENT (continued)** |

*v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).

     For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas review. Failure to demonstrate exhaustion within twenty-one days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.